**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **MAMADOU JANG JALLOW,** | |
| **Plaintiff,** | **Case No.:** <u>3:20-cv-64-CRS</u> |
| **vs.** | |
| **LP LOUISVILLE EAST, LLC d/b/a SIGNATURE HEALTHCARE OF EAST LOUISVILLE,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

Plaintiff, Mamadou Jang Jallow ("Plaintiff"), files this action against Defendant, LP Louisville East, LLC d/b/a Signature HealthCARE of East Louisville, ("Defendant"), for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.      The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that

1

double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.      This action is brought by Plaintiff under the FLSA to recover overtime compensation, liquidated damages and reasonable attorneys' fees and costs from Defendants.

3.      Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

4.      Defendant violated the FLSA by failing to pay Plaintiff the appropriate overtime rate for all of his hours worked in excess of forty (40) each week.

## JURISDICTION AND VENUE

5.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

6.      The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–02.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff is a citizen of the Commonwealth of Kentucky and Defendant is licensed to do business and operate its business in this judicial district.

8.      Plaintiff worked at Defendant's Kentucky location located at 2529 Six Mile Lane, Louisville, KY 40220.

## PARTIES

9.     Plaintiff is a resident of Bardstown, Kentucky. Plaintiff's job duties consisted of staffing the nursing department as a scheduler. He also worked in central supply where he was responsible for loading/unloading medical supplies.

10.     Defendant is a long-term healthcare facility located in Louisville, Kentucky.

11.     Plaintiff worked as a full-time employee for Defendant from February 2014 until approximately May 2019.

12.     Defendant was Plaintiff's employer as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).

13.     Plaintiff regularly worked more than forty (40) hours per week during his employment with Defendant and was paid on an hourly basis for his work.

14.     Plaintiff's weekly schedule varied depending on the needs of Defendant's business. However, Plaintiff was expected to be on call daily.

15.     Defendant set Plaintiff's work schedule and rate of pay.

## FACTUAL ALLEGATIONS

16.     Defendant failed to pay Plaintiff time-and-one-half his regular hourly rate for all of his overtime hours worked each week.

17.     Defendant knew or had reason to know that Plaintiff worked in excess of forty (40) hours per week during one or more work weeks of his employment without proper overtime pay.

18.     Plaintiff is entitled to be paid time and one half his regular hourly rate(s) for all hours worked over forty (40) during his employment with Defendant.

19.     Defendant kept records, including electronic records, of the worked performed by Plaintiff.

20.     To the extent they exist, Defendant is in exclusive possession of the majority of the records reflecting the amounts paid to and hours worked by Plaintiff.

21.     Defendant either knew its conduct violated the Fair Labor Standards Act or acted in reckless disregard for its provisions.

## COUNT I – UNPAID OVERTIME WAGES

22.     Plaintiff reincorporates and adopts the allegations contained within paragraphs 1–22 above.

23.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

24.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty (40) hours per week.

25.     Plaintiff was an employee of the Defendant as defined by the FLSA.

26.     Defendant was Plaintiff's employer as defined by the FLSA.

27.     Defendant is an enterprise covered by the FLSA.

28.     Plaintiff is individually covered by the FLSA.

29.     Plaintiff suffered harm and continues to suffer harm in the form of unpaid wages as a result of Defendant's conduct.

30.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31.     Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which the Defendant did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**WHEREFORE**, Plaintiff Mamadou Jang Jallow respectfully requests entry of judgment in his favor against Defendant:

a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.  Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  Awarding Plaintiff pre-judgment interest;

f.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted this 28th day of January 2020,

*s/J. Corey Asay*
J. Corey Asay
Morgan & Morgan
333 W. Vine Street, Suite 1200
Lexington, KY 40507
Tel: (859) 286-8368
Fax: (859) 286-8384
Email: CAsay@forthepeople.com

*Counsel for Plaintiff*